IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALEJANDRO AGUILAR HERNANDEZ,<br><br>　　　　　　Defendant. | CASE NO.  1:10-CR-00244-AWI -BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(C)(2) |

　　　　The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because the offense level for drug quantity attributable to the defendant was not modified by Amendment 782.  The Court will deny the defendant's motion.

　　　　Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously

sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the district court found a base offense level of 38 pursuant to USSG § 2D1.1, as the quantity of methamphetamine involved in the conspiracy involved more than 93 pounds of methamphetamine and more than 80 gallons of methamphetamine in solution, in total exceeding fifteen kilograms of actual methamphetamine. Under the amended guidelines, an offense level of 38 applies where, as in this case, the actual amount of methamphetamine exceeds 4.5 kilograms of actual methamphetamine.  The defendant's offense level remains exactly what it was at the time of sentencing.

The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).  Accordingly, the defendant may not receive any relief under Section 1B1.10.

IT IS HEREBY ORDERED that defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   November 10, 2015                    _____
                                              SENIOR  DISTRICT  JUDGE

2